# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON FARRIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RON FRISK,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO.   1:11-cv-1539-LJO-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 11)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff Jason Farris ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on September 13, 2011. (ECF No. 1.) No other parties have appeared.

The Court screened Plaintiff's initial Complaint and dismissed it for failure to state a claim, with leave to amend. (ECF No. 8.) Plaintiff has filed an Amended Complaint. (Am. Compl., ECF No. 11.) Plaintiff's Amended Complaint is now before the Court for screening.

**I.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ____ U.S. ____, ____, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II.  PLAINTIFF'S CLAIMS

Plaintiff brings this action for violation of unspecified Constitutional rights. He names Ron Frisk, a correctional sergeant at Sierra Conservation Center, as the sole defendant. He seeks $100,000 in compensatory damages based on the following allegations:

On November 22, 2010, in dorm 51 on the Mariposa Yard of Sierra Conservation Center, Defendant Frisk ordered Plaintiff to "get naked and do 20 pushups." There were more than thirty inmates and four other correctional officers present. Defendant Frisk threatened that he and the other correctional officers would hurt other inmates if Plaintiff did not comply. Plaintiff complied.

Plaintiff has also attached a letter he received regarding an inquiry about this incident that he made to Internal Affairs. The letter states that "the staff complaint was investigated, and based on the investigation there was sufficient information to warrant administrative action."

## III.  ANALYSIS

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,

or immunities secured by the Constitution and laws' of the United States." <u>Wilder v. Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Ketchum v. Alameda Cnty.</u>, 811 F.2d 1243, 1245 (9th Cir.1987).

As before, Plaintiff has not alleged a statutory basis for his claims and, thus, has not stated a cognizable claim. Instead of following the Court's instructions to state a statutory basis for his claims and include additional details regarding the incident at issue, Plaintiff simply filed an Amended Complaint consisting of all of the language from his original Complaint. The only new information is a letter indicating that the prison took administrative action. This implies that upon investigation, the prison concluded Defendant Frisk's actions warranted administrative action. That alone is not sufficient to establish a cognizable claim. The Court will give Plaintiff one more, **final,** opportunity to file an amended complaint which meets the pleading prerequisites of a cognizable Section 1983 claim.

As indicated previously, Plaintiff's allegations suggest the possibility of an Eighth Amendment claim based upon unconstitutional conditions of confinement. The standard for alleging such a claim is set forth below. If Plaintiff elects to amend again, he should consider the following as a guide to stating a cognizable claim for an Eighth Amendment violation.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment which prohibits cruel and unusual punishment. <u>See</u> <u>Helling v. McKinney</u>, 509 U.S. 25, 31, (1993); <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and

idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id. Allegations of verbal harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to ... cause [the prisoner] psychological damage." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

As the Court said before, Plaintiff needs to provide additional details describing the events leading up to the incident, what prompted it, whether the correctional officer asserted a legitimate reason for issuing the order, whether there were other similar incidents, and whether the incident had any lasting impact on Plaintiff.

## IV. CONCLUSION AND ORDER

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with the one more opportunity to amend to cure the deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507

-4-

F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S. Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's First Amended Complaint, filed April 30, 2012, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3. Within **thirty (30) days** from the date of service of this Order, Plaintiff shall file a second amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this Order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   May 28, 2012                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE