# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON FARRIS,<br><br>Plaintiff,<br><br>v.<br><br>RON FRISK, et al.<br><br>Defendants. | Case No. 1:11-cv-01539-LJO-MJS<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 14)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Jason Farris ("Plaintiff") is a state prisoner proceeding pro se in this civil rights actions pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on September 13, 2011. (ECF No. 1.) No other parties have appeared.

The Court screened Plaintiff's initial Complaint and dismissed it for failure to state a claim, but gave Plaintiff leave to amend. (ECF No. 8.) Plaintiff filed a First Amended Complaint with the same results. (ECF No. 11 - 12.) Plaintiff has since filed a Second Amended Complaint which is now before the Court for screening. (Am. Compl., ECF No. 14.)

1

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II. PLAINTIFF'S CLAIMS

Plaintiff alleges he was subject to actions that amounted to cruel and unusual punishment under the Eighth Amendment. He names Ron Frisk, a correctional sergeant at Sierra Conservation Center, as the sole defendant. He seeks $100,000 in

2

compensatory damages based on the following allegations:

On November 22, 2010, in dorm 51 on the Mariposa Yard of Sierra Conservation Center, Defendant Frisk ordered Plaintiff to "get naked and do 20 pushups." There were more than thirty inmates and four other correctional officers present. Defendant Frisk threatened to hurt other inmates if Plaintiff did not comply. Plaintiff complied.

Plaintiff has attached to his pleading a letter he received from Internal Affairs in response to his complaint about this incident. The letter states that "the staff complaint was investigated, and based on the investigation there was sufficient information to warrant administrative action."

### III. ANALYSIS

#### A. 42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

#### B. Eighth Amendment Claim

Plaintiff alleges Defendant Frisk violated his Eighth Amendment rights by subjecting him to cruel and unusual punishment.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment which prohibits

cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31, (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id. Allegations of verbal harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to . . . cause [the prisoner] psychological damage." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

Plaintiff alleges acts by Defendant Frisk which appear at this juncture to have had no legitimate purpose other than to embarrass and even humiliate Plaintiff and thus appear to meet one of the two criteria, above, for an Eighth Amendment claim. Such acts are reprehensible and intolerable in our society, including in the prison environment. The United States Court of Appeals for the Ninth Circuit has repeatedly recognized "that '[t]he desire to shield one's unclothed figure from [the] view of strangers, and particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity.' York v. Story, 324 F.2d 450, 455 (9th Cir.1963).

However, as offensive as Defendant's acts appear to have been, it cannot be said

that they caused a denial of the minimal civilized measures of life's necessities or subjected Plaintiff to any serious or enduring harm. Plaintiff has alleged no such thing in any of his three successive pleadings.

Embarrassment, even humiliation, does not reach the level of cruel and unusual punishment and cannot, without more, be said to constitute an Eighth Amendment violation. Under the Fourth Amendment, even unclothed body searches conducted in the presence of cross-gender correctional staff do not violate the constitution if they involve no more than "infrequent and casual observation, or observation at [a] distance," Michenfelder at 334, and do not involve "intimate contact with the inmates' bodies." Grummett at 496.

Perhaps if done in retaliation for Plaintiff's exercise, or attempt to exercise, a constitutional right, or if done in the presence of members of the opposite sex, or if Plaintiff had suffered significant psychological or other harm as a result of Defendant's action, the conclusion here would be different. However, Plaintiff has on two previous occasions been advised of the circumstances under which such an event might be found to give rise to a cognizable claim, and even on his third attempt he has failed to plead facts which would bring this episode to the level of an actionable Section 1983 claim. Thus, no useful purpose would be served by once again advising Plaintiff of the elements of a potentially viable claim and inviting him to again attempt to assert such a claim. Accordingly, this action should be dismissed without further leave to amend. Society will have to rely upon such administrative remedies as may have been triggered by Plaintiff's complaint to Internal Affairs or other action to address such a wrong as has been alleged here.

Plaintiff has failed to state an Eighth Amendment claim for cruel and unusual punishment. His Second Amended Complaint should be dismissed with prejudice.

### IV. **CONCLUSION AND RECOMMENDATION**

Plaintiff's Second Amended Complaint fails to state any claims upon which relief

5

may be granted under section 1983.  Plaintiff was previously notified of the deficiencies in his claims and given leave to amend.  Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's action be dismissed for failure to state any claims under 42 U.S.C. § 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 30, 2013                       /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE